[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12655
Non-Argument Calendar

_____

Agency No. A077-916-849

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 6, 2012
JOHN LEY
CLERK

HICHAM MITALANE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 6, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Hicham Mitalane, a native and citizen of Morocco, appeals *pro se*

from the Board of Immigration Appeals's ("BIA") May 16, 2011, order denying

his motion to reconsider its September 24, 2010, order affirming the Immigration Judge's ("IJ") denial of asylum under the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).  Mitalane filed the instant petition for review on June 13, 2011.

On appeal, Mitalane argues that the BIA abused its discretion in determining that his appearance in anti-terrorism training videos while in the United States did not create changed or extraordinary circumstances that excused him from the one-year filing deadline for asylum.  Mitalane argues that, in evaluating the reasonableness of his delay in applying for asylum in February 2009, the BIA should have considered the time between that date and April 2008, the date that his application for adjustment of status was denied and his parole was revoked.  He asserts that, in denying his motion for reconsideration, the BIA failed to indicate whether it had considered the "change in circumstances" or "extraordinary circumstances" exception, and why an October 2002 letter from his former counsel to the Immigration and Naturalization Service ("INS"), that explained that Mitalane would no longer be eligible for immigration benefits

2

through his wife because Mitalane and his wife were separating, was relevant to the timeliness question. Finally, Mitalane argues that the BIA failed to give reasoned consideration to his arguments or make adequate findings sufficient to aid in appellate review, as its prior conclusion that he had no objectively reasonable fear of future persecution was speculative.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (quoting *Assa'Ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003)). Our review is "limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (involving the denial of a motion to reopen removal proceedings).

An alien may file, within 30 days of the date of entry of a final order of removal, one motion to reconsider a decision that the alien is removable from the United States. INA § 240(c)(6)(A) & (B), 8 U.S.C. § 1229a(c)(6)(A) & (B). "The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." *Id*. § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "[M]erely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to

3

reconsider." *Calle*, 504 F.3d at 1329 (internal quotation marks and ellipses omitted).

An alien seeking review of a final order of removal must file a petition for review with the court of appeals within 30 days after the date of that order. INA § 242(b)(1)-(2), 8 U.S.C. § 1252(b)(1)-(2). This statutory time limit is "mandatory and jurisdictional," and is not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). Filing a motion for reconsideration does not toll the statutory time period for filing for review of a final order of removal. *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350-51 (11th Cir. 2005) (citing *Stone v. INS*, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)).

As an initial matter, we conclude that we lack jurisdiction to review the BIA's final order of removal dated September 24, 2010, because Mitalane's petition for review, filed on June 13, 2011, was not filed within 30 days of the removal order. Mitalane's filing of the motion for reconsideration did not toll the statutory time period for filing for review of that order. Accordingly, to the extent that Mitalane is challenging the BIA's September 24, 2010, order, we dismiss his petition for review.

4

As to Mitalane's timely appeal from the BIA's May 16, 2011, order, we conclude that the BIA did not abuse its discretion in denying Mitalane's motion for reconsideration. Because Mitalane did not identify any errors of fact or law in the BIA's final order of removal, we hold that the BIA properly denied his motion for reconsideration. Accordingly, we deny Mitalane's petition for review of the BIA's order denying his motion for reconsideration.

**PETITION DISMISSED IN PART AND DENIED IN PART.**